## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| ELGIN ANDREW SPONHOWER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:24-CV-12-JVB-JEM |
| | ) | |
| BOONE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Elgin Andrew Sponhower, a prisoner without a lawyer, filed a complaint alleging he was denied constitutionally adequate medical treatment when he was suicidal on November 11, 2022. (ECF 2). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sponhower alleges he told Nurse Boone that he was suicidal on January 11, 2022, but she disregarded his pleas for help and sent him back to his dorm. He alleges he promptly slit his forearms with a razor. He alleges she then inadequately bandaged his wounds and had him placed in a freezing cell with insufficient clothing. Later, after he tore off his bandages, he alleges she violently rewrapped them so tightly that his hands turned purple. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, [she] must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such

a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (citations and quotation marks omitted). Giving Sponhower the benefit of the inferences to which he is entitled at the pleading stage, these allegations state a claim.

Sponhower alleges Nurse Boone called Dr. M. Wala twice that day. First when he spoke to her before he cut himself and again after she bandaged his arms before sending him to a freezing cell with insufficient clothing. Sponhower alleges Dr. Wala "signed off" and "had the final say," but the complaint does not allege facts from which it can be plausibly inferred that Dr. Wala was deliberately indifferent. There is no indication Dr. Wala knew anything other than what Nurse Boone told him. Sponhower alleges Nurse Boone was rude, sarcastic, and belligerent. He alleges she was brief and dismissive. He alleges she lied and taunted that she would wake up the next morning (even if Sponhower died by suicide and did not wake up). He alleges she belittled him and provided inadequate treatment after he cut his forearms. There is no basis to infer that Dr. Wala was acting outside the scope of his professional judgment when he agreed that Sponhower should be returned to his dorm. Neither is there any basis to infer that Dr. Wala knew the temperature of the observation cell or the amount of clothing/blankets that Sponhower would be provided when placed there.

The claims against Dr. Wala will be dismissed because a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at

555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Sponhower alleges he saw Mental Health Nurse L. Boren the next morning. He says he argued with her, ended the conversation, and went back to bed. Hours later he says he was sent back to his dorm and did not meet with any other mental health staff until he saw Ms. Quinn ten days later. Sponhower wanted more and faster mental health attention, but this complaint does not plausibly allege he needed more or faster treatment. The claims against Nurse Boren and Ms. Quinn will be dismissed because the complaint does not plausibly allege that either were deliberately indifferent or even responsible for the quantity or speed of the treatment he received.

Sponhower alleges Sgt. Sablack and Sgt. Parham interacted with him several times on the day he cut himself. To prevail on an Eighth Amendment claim for a denial of medical treatment against non-medical staff, he must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff

was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (brackets and quotation marks omitted).

When Sponhower told Sgt. Sablack he was suicidal, Sgt. Sablack and Sgt. Parham were not deliberately indifferent because they took him to Medical. When Nurse Boone determined he did not need mental health treatment, Sgt. Sablack and Sgt. Parham were not deliberately indifferent when they took him back to his cell because non-medical staff are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). After Sponhower slit his forearms, they were not deliberately indifferent when they came to the scene and ordered him to drop the razor. Sponhower argues that when he dropped the razor, they should have immediately provided him emergency medical treatment to stop his bleeding rather than waiting a few minutes for the nurse to arrive, but he does not plausibly allege he was at serious risk of being harmed during this brief delay.

Days after he cut himself, but before he was seen by Ms. Quinn from Mental Health Services, Sponhower alleges Assistant Warden Watts received a phone call from Sponhower's college professor. Warden Watts was not deliberately indifferent to the concerns expressed by the professor because he and Ms. Copeland visited Sponhower the next day. Though it is clear Sponhower wanted Warden Watts to do more, he does not he does not plausibly allege he was at serious risk of being harmed before he saw Ms. Quinn a few days later.

The complaint also names four other defendants, but makes no specific allegations about them. It names the Indiana Department of Correction, but the department is not a person for the purposes of 42 U.S.C. § 1983, *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (a state agency is not a person that can be sued under section 1983) *citing Will v. Michigan Dep't of State Police*,

491 U.S. 58, 70-71 (1989), and it has sovereign immunity, *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The complaint names Centurion of Indiana, LLC, but "[i]n a case against a private contractor that provides healthcare to incarcerated people, the critical question for liability is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-54 (7th Cir. 2021) (quotation marks and citation omitted). Here, the complaint does not mention a policy or custom. The complaint names Warden John Galipeau and Deputy Warden Kenneth Gann, but there is no general supervisory liability under 42 U.S.C. § 1983. *Burks*, 555 F.3d at 594. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596.

For these reasons, the Court:

(1) **GRANTS** Elgin Andrew Sponhower leave to proceed against Nurse Boone, in her individual capacity for compensatory and punitive damages for disregarding his pleas for help when he was suicidal on January 11, 2022, for inadequately bandaging his wounds, for placing him in a freezing cell with insufficient clothing, and for violently rewrapping his wounds so tightly that his hands turned purple after he had torn off his bandages, all in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Indiana Department of Corrections, Centurion of Indiana, LLC, John Galipeau, Kenneth Gann, Kenneth Watts, M. Wala, L. Boren, Quinn, Parham, Sablack;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve

process on) Nurse Boone at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 2);

(5) **ORDERS** Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Nurse Boone to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 6, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT